Hipólito Gutiérrez Castro, peticionario y apelante, *v.*
Gerardo Delgado, etc., demandado y apelado.

*Número:* AP–62–15     *Resuelto:* 30 de octubre de 1962

*Hipólito Gutiérrez Castro, pro se; J. B. Fernández Badillo,
Procurador General, Rodolfo Cruz Contreras, Procurador
General Auxiliar y Héctor R. Orlandi Gómez, Procurador
General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: En este caso la Sala sentenciadora se negó a·anular dos sentencias impuestas al peticionario el 28 de enero de 1953, una de dos a cinco años de presidio por in-

fracción a la Ley de Armas y otra de uno a diez años de presidio por robo, los mínimos de dichas sentencias a ser cumplidos concurrentemente y los máximos consecutivamente. El peticionario sostuvo ante la Sala sentenciadora que el juez no tenía facultad en ley para dictar las sentencias en la forma dicha; que, o podía dictarlas para cumplirse concurrentemente una con la otra o para cumplirse consecutivamente una de la otra. Esa es la cuestión envuelta en este recurso de hábeas corpus.

La Ley 108 de 12 de mayo de 1943, dispuso en su sección 2 que al pronunciar sentencia el juez podrá determinar si el término de prisión impuesto en la misma deberá cumplirse consecutivamente o si, por el contrario, dicho término de prisión deberá cumplirse concurrentemente con cualquiera o cualesquiera otros términos de prisión; y en la sección 5 estatuyó que cuando la corte no dispusiere el modo en que debe cumplirse el término de prisión, el mismo se cumplirá consecutivamente. . . . La Ley 295 de 10 de abril de 1946 según fue enmendada por la 176 de 4 de mayo de 1949, estableció la sentencia indeterminada y dispuso que excepto en caso de reclusión perpetua, los tribunales dictarán sentencia indeterminada sin límite de duración específico, en ningún caso menor que el término mínimo provisto en la ley ni mayor que el término máximo; y que una vez que la persona hubiere cumplido el término mínimo fijado en la sentencia, quedará bajo la jurisdicción de la Junta de Libertad Bajo Palabra.

Como sostiene el peticionario, nada hay en esos estatutos, tomados conjuntamente, que de manera expresa autorice al juez sentenciador a imponer sentencias en que los mínimos sean concurrentes y los máximos sean consecutivos. Pero si se considera que al juez se le concedió discreción para disponer que las sentencias se cumplirían o concurrentemente, o consecutivamente, y que de no disponer se entenderían por ley consecutivamente, la modalidad usada en este caso está lógica y evidentemente comprendida dentro de la discreción

otorgada. Considerando. además que una vez que se cumple el mínimo el convicto ya es acreedor a que la Junta de Libertad Bajo Palabra considere su caso con miras a concederle una libertad condicional, la fórmula aludida es una modalidad creada por los jueces producto de un sentido de clemencia en su deseo de beneficiar al sentenciado. No cabe la menor duda que una sentencia así dictada es más beneficiosa para el reo que si se hubiese dictado a ser cumplida consecutivamente tanto en su mínimo como en su máximo, y por otra parte, nada hubiera obligado al juez a dictarla concurrentemente tanto en su máximo como en su mínimo.

Aparte de que aún cuando la sentencia fuera errónea este Tribunal no la alteraría para situar al peticionario en condiciones más desventajosas por cuanto en una nueva sentencia se le podrían imponer los mínimos también consecutivamente, anular la sentencia tampoco serviría ningún propósito en vista de que por la Ley 117 de 26 de junio de 1961 se dispuso que en casos de personas sentenciadas a más de una sentencia indeterminada, *sean éstas para cumplirse concurrentemente o consecutivamente*, la Junta de Libertad Bajo Palabra adquirirá jurisdicción cuando el individuo haya cumplido un período de prisión igual al mínimo más largo. Esta disposición es aplicable a todas aquellas personas que al adoptarse la misma estuvieren cumpliendo sentencias.

*Se confirmará la sentencia apelada.*