EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* OSCAR CARRIÓN MOLINA, acusado y apelante.

*Número:* 17376    *Resuelto:* 5 de noviembre de 1962

*Oscar Carrión Molina, pro se;  Roberto de la Torre,* abogado del apelante;  *J. B. Fernández Badillo, Procurador General* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El apelante, Oscar Carrión Molina, fue declarado culpable por un tribunal de derecho de tres delitos de escalamiento en primer grado en grado subsiguiente y de dos violaciones a la Ley de Armas.  Fue condenado a una pena de un año de cárcel por cada uno de los delitos de portar armas y de 10 a 30 años por cada uno de los tres delitos de escalamiento.  La corte de instancia ordenó que las últimas tres sentencias se cumplan los mínimos concurrentemente y los máximos en forma consecutiva.

En apelación se señalan cinco errores.  ■

1-3. Los primeros dos errores se basan en la designación de grado subsiguiente en las acusaciones alegándose que por tal motivo se violó "el derecho a la presunción de inocencia" del apelante y que el Juez de instancia debió inhibirse al enterarse de los antecedentes penales del apelante antes de verse el proceso en su fondo.  El tercer error se basa en el alegado indebido uso de un mote o alias en la acusación al hacerse referencia al apelante.  En casos ante jurado una alegación de convicción anterior, aceptada por el acusado, no debe de ir al jurado para evitar que éste se confunda por dicha alegación.  *Pueblo* v. *Beltrán,* 73 D.P.R. 517 (1952) ; *Pueblo* v. *González,* 80 D.P.R. 208-210 (1958) ; *Pueblo* v. *Colón,* 81 D.P.R. 331 (1959)  y *Pueblo* v. *Aponte González,* 83 D.P.R. 511 (1961).  Si el acusado niega la existencia de las convicciones anteriores, se debe presentar prueba de ello y el jurado es el que resolverá.  Artículo 225, Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 816.  ■

La anterior regla no debe aplicarse a casos que se ventilan por tribunal de derecho, ya que el juzgador no se va a con-

fundir ni dejar influenciar por tal alegación y decidirá única-
mente a base de la prueba que desfile ante él sobre la
comisión del delito que se le imputa al acusado. Además,
no hay base en el récord para inferir que la corte de instancia
se prejuiciara en contra del apelante por la designación de
grado subsiguiente ni por el uso del mote o alias en las
acusaciones. No se cometieron los tres errores en cues-
tión. ∎

4. El cuarto error consiste en alegar que el fallo es
contrario a la prueba, indicándose que los testimonios de las
perjudicadas son contradictorios y "las evidencias son cir-
cunstanciales en las que existe duda razonable." El Pro-
curador General en su alegato analiza la prueba y expone
el derecho aplicable en la siguiente forma:

"La prueba de cargo consistió en los testimonios de Eva
Jové Juarbe, el policía Juan R. Montañez, Hilda Elena Rosario
del Valle y Elsa Pietri Caraballo. Todas las damas identifi-
caron positivamente al acusado como la persona que sorpren-
dieron dentro de sus hogares en horas de la madrugada. El
policía Montañez declaró que lo vio brincando una verja y al
acercársele le vio un cuchillo. Al registrarlo le encontró
$136.86, un 'flashlight', dos antifaces, una capa y un gorro.
La testigo Hilda Elena Rosario identificó la capa y el gorro
como la misma que usaba la noche que escaló su residencia. La
defensa trató infructuosamente de impugnar las identificacio-
nes, pero todos los testigos insistieron sin titubeo alguno que
el acusado era el hombre. El apelante hace una serie de
imputaciones a la detective y a los testigos que no tienen base
alguna en el récord. La defensa del acusado consistió en negar
que él era la persona sorprendida en dichos hogares.

"El juez de instancia tuvo ante sí prueba contradictoria y
dirimió el conflicto dándole crédito a los testigos de cargo y
por ende declaró al acusado culpable de los delitos imputados.
Es función del jurado o del juez que actúa en primera ins-
tancia determinar la credibilidad de los testigos que ante ellos
deponen y sus conclusiones no serán alteradas por esta Supe-
rioridad a menos que se demuestre que abusó de sus facultades
al dar crédito a los testigos de cargo. *Pueblo* v. *Barreto Pérez,*

362

85 D.P.R. 752 (1962); *Pueblo* v. *Aletriz,* 85 D.P.R. 646 (1962); *Pueblo* v. *Andino,* 78 D.P.R. 782 (1955); *Pueblo* v. *López,* 67 D.P.R. 780 (1947)."

Estamos conforme con esta exposición. Creemos, por lo tanto, que no se cometió el cuarto error señalado por el apelante. ■

5. El quinto y último error impugna la orden del tribunal sentenciador de que los mínimos de las sentencias en los casos de escalamiento se cumplan concurrentemente y los máximos consecutivamente. El apelante no ha sido perjudicado por dicha orden sino más bien beneficiado pues la corte pudo haber impuesto los tres términos mínimos para ser cumplidos consecutivamente. *Pueblo* v. *Figueroa Rodríguez,* sentencia de septiembre 5 de 1962. En su lugar ordenó que los mínimos fuesen concurrentes de manera que al cumplir 10 años de reclusión, el apelante podrá ser considerado a los fines de la libertad a prueba. Ley Núm. 117 de junio 26 de 1961, enmendando el Artículo 2 de la Ley Núm. 295 de abril 10 de 1946, 34 L.P.R.A. sec. 1025. *Gutiérrez Castro* v. *Delgado,* 86 D.P.R. 327 (1962).

*No habiéndose cometido los errores señalados, se confirman las sentencias apeladas.*