EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUZ MARÍA SABATER MANGUAL, acusada y apelante.

*Número:* CR-66-305      *Resuelto:* 14 de diciembre de 1967

---

598

*Enrique Miranda Merced* y *E. Armstrong de Watlington,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: La apelante, Luz María Sabater Mangual, fue procesada y convicta del delito de hurto mayor en grado de subsiguiente. Fue condenada a cumplir de 10 a 15 años de presidio.

En apoyo de su apelación apunta que:

(1) El tribunal de instancia incidió al negarse a aceptar el veredicto de culpable de hurto menor rendido por el jurado.

La prueba de cargo fue al efecto de que la apelante pidió un dólar al perjudicado mientras éste se encontraba en un cafetín. Al sacar éste la cartera que contenía $25, la apelante se la arrebató y huyó con ella, apareciendo luego la cartera vacía en el patio del cafetín. La prueba de la defensa fue de coartada.

El jurado trajo un veredicto de hurto menor. Al indicar el juez sentenciador que no recordaba "haber dicho posibilidad de veredictos", el fiscal solicitó se le diera al jurado una

nueva instrucción sobre los posibles veredictos y una oportunidad de retirarse a deliberar. Entonces dicho juez informó que "Así es que solamente había dos posibilidades de veredicto, culpable de hurto mayor o no culpable." Ordenó que la dama y caballeros del jurado volvieran a retirarse a deliberar y que se preparase una nueva boleta de veredicto. A instancia del fiscal instruyó el tribunal de instancia al jurado así:

"Hurto es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona. El Hurto se divide en dos grados: el primero se denomina Hurto de Mayor Cuantía y el segundo Hurto de Menor Cuantía. Hurto de Mayor Cuantía es el que se comete en cualquiera de los casos siguientes: cuando el valor de la propiedad sustraída es de cien dólares o más; y cuando la propiedad es sustraída de la persona, aunque sea un centavo.

La prueba de defensa fue una de coartada. De ustedes creer la prueba de defensa, tienen que absolver a la acusada. De ustedes dar crédito a la prueba del Ministerio Público, deben traer un veredicto de culpable de Hurto Mayor. No hay otra posibilidad a base de la prueba.

Así es que ustedes mediten nuevamente y traigan el veredicto que corresponda a la prueba y a derecho.

.　　.　　.　　.　　.　　.　　.　　.

La teoría de coartada, según ya les había dicho a ustedes, es que el hecho de la presencia del acusado o de la acusada en este caso, en un sitio distinto es esencialmente inconsistente con la presencia de la acusada en el sitio de los hechos, en la fecha y hora alegados en la acusación. La defensa de coartada no requiere la absoluta imposibilidad de que la acusada estuviere presente en el sitio de los hechos, sino solamente una alta improbabilidad de que así fuera.

La acusada no tiene que probar la coartada fuera de toda duda razonable. Si establece con su prueba una duda razonable y fundada de su coartada debe absolvérsele, pues exigírsele que la pruebe fuera de toda duda razonable equivale a exigírsele que pruebe su inocencia.

Ustedes tienen aquí dos posibles veredictos: culpable de hurto mayor o no culpable y absolverla.

En otros palabras: si creen que esta señora no estaba en el sitio de los hechos, sino que estaba en su casa con su marido durmiendo y no como se alega en la acusación, su veredicto debe ser de absolutorio. Si por el contrario consideran que estos hechos alegados se cometieron y que ella sustrajo la cartera al señor don Pedro Vega Santos cuando éste se disponía a darle un dinero, pues se cometió el delito de Hurto Mayor.

Así es que volverán ustedes al cuarto de deliberaciones. Vuelva el Marshal a prestar juramento ante el Tribunal."

Luego de volver a deliberar, el jurado rindió un veredicto de culpable de hurto mayor.

■ Arguye la apelante que de acuerdo con las Reglas 147 ([1]) y 148 de las de Procedimiento Criminal el veredicto de hurto menor equivale a un veredicto absolutorio por el delito mayor aunque el veredicto no se ajustase a la prueba.

No tiene razón. El veredicto original era erróneo por ser contrario a la prueba y a la ley por lo que el juez de instancia actuó correctamente al no aceptarlo y al ordenar al jurado que deliberase nuevamente luego de instruirlo en la forma previamente indicada. Regla 148 de las de Procedimiento Criminal. ([2]) Cf. *Pueblo* v. *Rodríguez*, 69 D.P.R. 546 (1949).

Convenimos con el Procurador General en que:

---

([1]) La referida Regla 147 dispone que:

"El acusado podrá ser declarado culpable de la comisión de cualquier delito inferior necesariamente comprendido en el delito que se le imputa; o de cualquier grado inferior del delito que se le imputa; o de tentativa de cometer el delito que se le imputa o cualquier otro delito necesariamente comprendido en él, o de cualquier grado que el mismo tenga, si tal tentativa constituye, por sí misma, un delito."

([2]) La indicada Regla 148 provee que:

"Si al rendirse un veredicto de culpabilidad el tribunal considerare que el jurado se ha equivocado en la aplicación de la ley, el juez que lo presida podrá explicar al jurado sus razones y ordenarle que vuelva a considerar el veredicto. Si después de esto se rindiere el mismo veredicto, éste será aceptado por el tribunal. Nada de lo aquí dispuesto será aplicable a un veredicto absolutorio el cual deberá ser aceptado siempre por el tribunal."

■ "En el presente caso el jurado rindió originalmente un veredicto *de culpabilidad* que resultó ser contrario a la ley. No son de aplicación los casos de *Pérez Martínez*, [84 D.P.R. 181] y de *Green* [*Green* v. *U.S.* 335 US 184] supra, pues lo que resuelven esos casos es que 'cuando un acusado de asesinato en primer grado es convicto de asesinato en segundo grado y luego a instancias suyas se anula el veredicto y se ordena la celebración de un nuevo juicio, el acusado no puede ser convicto del delito original de asesinato en primer grado y que una convicción por este delito en el nuevo juicio, viola el principio de la exposición anterior. (former jeopardy)'

Además, tampoco puede considerarse en este caso un veredicto de culpabilidad por hurto menor como un veredicto absolutorio del delito de hurto mayor a los fines de la Regla 148 pues el veredicto rendido no era final ya que aún no había sido aceptado por el tribunal de acuerdo con la Regla 145 de las de Procedimiento Criminal. Véase, además, a *Wharton's,* op. cit., vol. 5, secs. 2147 y 2148, páginas 339–340."

(2) "Erró el Honorable Tribunal de Instancia al instruir al Jurado que sólo podían rendir uno de dos veredictos; Culpable de Hurto Mayor, o no Culpable; lo cual dependería de si creían la prueba de El Pueblo o si le daban crédito a la prueba de defensa; excluyéndose así la posibilidad de que sin necesidad de creer que las cosas sucedieron tal como se desprendían de la prueba de defensa tuviesen una duda razonable de que hubiesen sucedido como sostenía la prueba de El Pueblo."

■ Arguye el Procurador General, con acierto, que:

"Entendemos que este error no fue cometido pues el magistrado instruyó al jurado en el sentido de que el fiscal está en la obligación de establecer la culpabilidad de la acusada más allá de una duda razonable. (T.E. página 151) . . . El hecho de que el magistrado aclarara posteriormente los posibles veredictos que podía rendir el jurado, no significa que se excluyera la posibilidad de que el jurado tuviese una duda razonable de la culpabilidad de la acusada.

De todos modos, en ningún momento la defensa solicitó instrucciones adicionales sobre este extremo, por lo cual está

ahora impedida para señalar cualquier posible omisión como un error en apelación. *Regla 137 de Procedimiento Criminal.*" (Énfasis en el original.)

■ "Por su inherente debilidad, la evidencia de El Pueblo no era suficiente para derrotar la presunción de inocencia, y establecer la culpabilidad de la acusada más allá de duda razonable."

■ Tiene razón el Procurador General cuando informa, con respecto a esta imputación, que:

"Como señalamos anteriormente, la prueba de cargo demostró que la acusada le arrebató la cartera de las manos a Pedro Vega Santos. Obviamente esta prueba fue creída por el jurado que es el llamado a aquilatar la credibilidad de los testigos. No resulta increíble que el señor Vega Santos inicialmente se negara a darle dinero a la acusada pero que más tarde, ante la insistencia de ésta, se decidiera a regalarle algún dinero y sacara la cartera con ese propósito.

Tampoco queda desvirtuado el testimonio del señor Vega Santos por el hecho de que declarara que al otró día volvió al negocio de don Abelardo y encontró la cartera vacía en el patio de dicho negocio, . . . .

Sostenemos, pues, que la prueba de cargo es suficiente para sostener la convicción y que, habiendo resuelto el jurado el conflicto de prueba dando crédito a la de cargo, el veredicto no debe ser alterado en apelación. *Pueblo* v. *Nicole,* 71 DPR 866 (1950); *Pueblo* v. *Millán,* 71 DPR 440 (1950)."

■ (4) "Erró el Honorable Tribunal Sentenciador al tomar en consideración, al momento de sentenciar a la acusada, la alegación de subsiguiente que intentó introducir el Ministerio Público; a pesar de que en todo momento el caso se mantuvo como uno de hurto mayor sencillamente."

Este error fue cometido. Así lo admite el Procurador General cuando nos informa que:

" . . . La acusación radicada contra la apelante fue por un delito de Hurto Mayor sin incluirse alegación alguna de subsiguiente. Así fue leída la acusación al comenzar el juicio. (T.E., páginas 9–10) Es cuando el jurado está deliberando que

el tribunal permite al fiscal unir al récord otra acusación alegando el subsiguiente, alegación ésta que no fue aceptada por la acusada. (T.E., páginas 152–153) A pesar de que el fiscal manifestó que se proponía presentar prueba en relación con el subsiguiente, no hay en los autos constancia de que se haya presentado prueba alguna sobre este extremo.

La regla vigente en Puerto Rico es en el sentido de que si el acusado niega la existencia de las convicciones anteriores, se debe presentar prueba de ello y el jurado es el que resolverá. *Pueblo* v. *Carrión Molina,* 86 DPR 359 (1962); Regla 146 de Procedimiento Criminal.

En el presente caso la alegación de convicción anterior fue alegada cuando ya el jurado se había retirado a deliberar. Al negar la acusada la alegación de convicción anterior, correspondía al fiscal presentar prueba de ello ante el jurado para que éste resolviera. Esa prueba no fue presentada al jurado, pues éste ya se encontraba deliberando. Tampoco hay en los autos constancia alguna de que dicha prueba fuera presentada ante el juez sentenciador."

En vista de lo expuesto, *se deja sin efecto la sentencia en este caso dictada por el Tribunal Superior, Sala de Ponce, en 16 de septiembre de 1965, y en su lugar se dicta sentencia condenando a la apelante a cumplir la pena de uno a cinco años de presidio.*

El Señor Juez Presidente y el Juez Asociado Señor Carlos V. Dávila concurren con el resultado. El Juez Asociado Señor Santana Becerra emitió un voto separado.

—O—

Voto separado del Juez Asociado Señor Santana Becerra, en concurrencia

San Juan, Puerto Rico, 14 de diciembre de 1967

Convengo en la decisión del caso aunque por las razones que expongo a continuación.

Del récord surge que después de instruir la Sala sentenciadora sobre el delito de hurto y sobre coartada, expresó

que las reglas permiten que las instrucciones generales se entreguen por escrito al jurado. El fiscal y la defensa manifestaron que no había objeción.(¹)

Con motivo de lo dicho el jurado se fue a deliberar sin instrucciones pertinentes en cuanto a los veredictos que podrían rendir. No obstante, en la forma impresa que se les entregó para que ellos rindieran el veredicto, la Secretaria del Tribunal escribió "hurto mayor" después del espacio en blanco donde el jurado debe expresar "culpable" o "no culpable". El jurado, en el espacio correspondiente, escribió "culpable de hurto menor". Como resultado, de la faz del documento de veredicto la apelante aparecía siendo convicta, tanto de hurto menor como de hurto mayor. Éste era un veredicto irregular que no podía ser aceptado por las razones a las cuales me he referido.

Después de haber sido instruido el jurado sobre los posibles veredictos a rendir, se repitió el mismo hecho. La Secretaria escribió "hurto mayor". La Regla 148 de Procedimiento Criminal dispone que si al rendir un veredicto de culpabilidad el tribunal considerare que el jurado se ha equivocado en la aplicación de la ley, el juez que lo preside podrá explicar al jurado y ordenarle que vuelva a considerar el veredicto. *Si después de esto se rindiere el mismo veredicto, éste será aceptado por el tribunal.*

En este caso hubo una expresión original del jurado declarando a la apelante culpable de hurto menor. Después de las instrucciones el jurado pudo haber mantenido ese veredicto según la Regla 148, y el mismo entonces debía ser acep-

---

(¹) La Regla 137 de las de Procedimiento Criminal de 1963, dispone: "Todas las instrucciones serán verbales a menos que las partes consintieren otra cosa." Me parece que se salvaguardarían mejor los intereses de un acusado si la defensa, antes de convenir en que pasen dichas instrucciones por escrito al jurado, las leyera a la luz de las circunstancias particulares de su caso, de modo que pudiera solicitar, o instrucciones adicionales o clarificación de las mismas. Tales instrucciones por escrito en todo caso deberían formar parte del récord.

tado. Hay infinidad de casos de delitos menores comprendidos dentro de un delito mayor, y en vista de lo dispuesto en la Regla 148, que hasta cierto punto es un privilegio del jurado, creo que la mejor práctica demanda que sea el jurado quien escriba, al rendir su veredicto, todo lo concerniente al delito por el cual declara culpable al acusado. No debería permitirse que la Secretaria ni nadie, que no sea el jurado, escriba en el blanco de veredicto determinado delito, porque ello equivale a obligar al jurado a solamente declararlo culpable o inocente del allí escrito.

He examinado el récord en este caso y la prueba es de tal naturaleza que, si creída por el jurado, no había posibilidad alguna de un veredicto que no fuera el de hurto mayor por haber sustraído la apelante el dinero de la persona del perjudicado.

Por las razones que expongo en este voto, concurro en la decisión.