EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* JUAN JOSÉ BENÍTEZ MALDONADO y ESTEBAN MARTÍNEZ RIVERA, acusados y recurridos.

*Número:* O-82-128      *Resuelto:* 30 de noviembre de 1982

*Justo Gorbea Varona, Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo; *Carmen Ana Rodríguez Maldonado,* de la Sociedad para Asistencia Legal, abogada de los acusados recurridos.

## SENTENCIA

El Ministerio Público formuló acusación contra Juan José Benítez Maldonado y Esteban Martínez Rivera por el delito de escalamiento agravado. Alegó, en esencia, que

ambos imputados en o para el 1 de noviembre de 1981, en Caguas, P.R., "actuando conjuntamente, durante horas de la noche y mediante forzamiento para la penetración, penetraron al establecimiento comercial conocido por Cooperativa de Consumo La Bendición . . . con el propósito de cometer el delito de apropiación ilegal . . .". Llegado el acto del juicio, asistieron los imputados personalmente y representados por abogados. La minuta revela lo siguiente:

Las partes informan estar preparadas y los acusados personalmente y por conducto de sus abogados renuncian a su derecho a juicio por jurado radicando en corte abierta los documentos correspondientes los cuales se unen al expediente.

Las partes someten el caso por las Declaraciones Juradas de Francisco Padilla Matos, Gdia. Plutarco Soto y Agte. José R. Rodríguez.

El Tribunal procede a leer las declaraciones Juradas y encuentra a ambos acusados CULPABLES del delito de TENTATIVA DE ESCALAMIENTO AGRAVADO.

A solicitud de la defensa se refieren al Oficial Probatorio y se señala el pronunciamiento de Sentencia para el 12 de marzo de 1982 a las 8:30 de la mañana quedando los acusados y los abogados citados en corte abierta.

No conforme con el fallo emitido, el Procurador recurrió a nos mediante solicitud de *certiorari*. Alegó que:

Cometió grave error de derecho el Tribunal de Instancia al declarar a los acusados recurridos culpables del delito de Tentativa de Escalamiento Agravado.

Basa su señalamiento el Procurador en que los testimonios vertidos en las declaraciones juradas mencionadas, cuya credibilidad no estuvo controvertida, configuran el delito de escalamiento agravado y no el de tentativa para cometer dicho delito. Examinamos dichas declaraciones y emitimos orden a los recurridos para mostrar causa por la cual no debía expedirse el auto solicitado y disponer que se corrija el fallo para declararles culpables y convictos de escalamiento agravado. Han comparecido.

Los recurridos no cuestionan que el fallo emitido no se ajusta a derecho. Las declaraciones juradas admitidas por estipulación informan todos los elementos del delito de escalamiento agravado, tipificado en los Arts. 170 y 171 del Código Penal, 33 L.P.R.A. secs. 4276 y 4277, respectivamente. El 170 define el delito de escalamiento así:

Toda persona que penetrare en una casa, un edificio u otra construcción, o estructura, o sus dependencias o anexos, con el propósito de cometer cualquier delito de apropiación ilegal o cualquier delito grave, será sancionada con pena de reclusión por un término máximo de seis meses.

El Art. 171, al definir el escalamiento agravado, señala, entre otras circunstancias de agravación, si el delito se comete "[d]e noche" (inciso *a*) y "[c]uando mediare forzamiento para la penetración" (inciso *e*).

Los testimonios estipulados establecen que los agentes policíacos fueron alertados a eso de las 3:00 de la madrugada del 1 de noviembre de 1981 porque varios individuos escalaban el mencionado establecimiento; que se personaron a dicho lugar y sorprendieron a ambos imputados mientras "se encontraban . . . bregando con unas cajas de cerveza y un fardo de arroz" que habían sido sacados del establecimiento; que les arrestaron dentro del establecimiento, y que los acusados penetraron por una puerta de cristal que estaba rota. El administrador del negocio declaró que cerró el establecimiento a las 6:00 de la tarde del 31 de octubre de 1981 y que a las 3:30 de la madrugada siguiente fue al negocio al ser llevado por la Policía y encontró que "rompieron la reja y también la puerta de cristal de la entrada", y que habían movido de su lugar unas ocho cajas de cerveza, un fardo de arroz, cinco o seis botellas de anís, valorados en $150. Calculó los daños a la puerta y rejas en $300.

Se limitan los recurridos a plantear que (1) carecemos de jurisdicción para alterar el fallo emitido y (2) que dicho fallo obedeció a "una transacción realizada '*entre todas las partes*'". (Énfasis suplido por los recurridos.) No tienen razón.

En cuanto al primer planteamiento, no se trata aquí de revisar un fallo o veredicto absolutorio y sí de corregir un error en un fallo condenatorio. *Cf. Pueblo* v. *Tribunal Superior*, 104 D.P.R. 626 (1976).

Sobre la alegada transacción, los recurridos no ofrecen otra prueba para sostenerla que la minuta del día del juicio, antes transcrita. El Procurador, en réplica a este planteamiento, desmiente que el Ministerio Público se allanara a una convicción por tentativa de escalamiento. Aparte de que la minuta revela como único acuerdo de las partes el de someter el caso por las declaraciones juradas, e independientemente de la conveniencia para la agilización de los procedimientos judiciales de permitir "alegaciones pre acordadas", (1) no podemos convenir en que pueda aceptarse como bueno un fallo condenatorio que es contrario a derecho. Los recurridos fueron más allá de intentar cometer el delito de escalamiento. Ellos penetraron, de noche, mediante forzamiento, en un establecimiento comercial, para apropiarse ilegalmente de bienes ajenos. Eso es escalamiento agravado. Ni más ni menos.

Por los fundamentos expresados, se expide el auto, se enmienda el fallo condenatorio y se declara a los imputados Juan José Benítez Maldonado y Esteban Martínez Rivera culpables y convictos del delito de escalamiento agravado, y se dispone que el tribunal recurrido proceda a sentenciarles por dicho delito y tome aquellas providencias que la condición de dichos imputados amerite.

Así lo pronunció y manda el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Dávila disintió con opinión.

*(Fdo.)* Lady Alfonso de Cumpiano

*Secretaria General*

---

(1) Nos parece este término una más acertada traducción del inglés *plea bargaining.* Véase el informe de la Comisión para el Estudio de la Fiscalía y Representación Legal del Estado al Consejo sobre la Reforma de la Justicia, de 26 de septiembre de 1974. El término "transacción" tiene otras implicaciones cuando se trata de delitos. Véase la Regla 246 de Procedimiento Criminal.

—o—

Opinión disidente emitida por el Juez Asociado Señor Dávila a la cual se une el Juez Presidente Señor Trías Monge.

Juan José Benítez Maldonado y Esteban Martínez Rivera fueron acusados por el delito de escalamiento agravado. El día del juicio renunciaron al Jurado y sometieron el caso por el expediente, es decir, por las declaraciones juradas de los testigos de cargo. El juez leyó las declaraciones y los declaró culpables por el delito de tentativa de escalamiento agravado.

No conforme con el fallo, El Pueblo recurre ante nosotros mediante un recurso de *certiorari* en el que invoca únicamente que "[c]ometió grave error de derecho el Tribunal de instancia al declarar a los acusados recurridos culpables del delito de tentativa de escalamiento agravado".

En el día de hoy este Tribunal recoge la posición del Estado en el sentido de que no está involucrado en este asunto la cláusula de doble exposición por cuanto "no se trata aquí de revisar un fallo o veredicto absolutorio y sí de corregir un error en un fallo condenatorio". En consecuencia, y luego de determinar que el fallo del juez es erróneo porque las declaraciones juradas establecen los elementos del delito imputado, este Tribunal deja sin efecto el fallo emitido y en su lugar dicta otro por el grado del delito según imputado. No puedo estar de acuerdo.

Cuando el juzgador de los hechos, ante una acusación por determinado delito, emite un fallo o veredicto condenatorio por un delito menor, está implícitamente emitiendo fallo o veredicto absolutorio por el delito mayor imputado.

En *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 626, 630 (1976), señalamos que "[s]i la apelación por el gobierno no obliga al acusado a someterse a un segundo juicio, pudiendo corregirse el error sin necesidad de ulterior proceso, no se vulnera la garantía constitucional contra el riesgo de ser

castigado dos veces por el mismo delito". Pero este caso es inaplicable al de autos. En el caso citado, un juez, luego de desfilada la prueba rehusó considerarla porque el agente que intervino con el acusado de conducir en estado de embriaguez no prestó la declaración jurada dentro del término provisto por estatuto. Antes de la oración arriba transcrita de *Pueblo* v. *Tribunal Superior*, dijimos: "La situación de doble exposición depende en gran medida de cuán arraigada y fundada en los méritos esté la sentencia o resolución apelada vía *certiorari* por el gobierno y qué habrá de ocurrir en primera instancia al serle revocada su decisión y devuelto el caso."

En el caso de autos es claro que el juzgador de los hechos resolvió en los méritos la cuestión por dilucidar. Pero el error en la apreciación de los hechos(¹) no puede crear el derecho del Estado de apelar, por vía de *certiorari*, del fallo rendido. *Pueblo* v. *Cabrera*, 47 D.P.R. 185 (1934). Una vez aceptado un veredicto y emitido el fallo en los méritos, el mismo es inatacable aunque sea erróneo. *Pueblo* v. *Hernández Olmo*, 105 D.P.R. 237 (1976). (²)

A igual conclusión ha llegado el Tribunal Supremo de Estados Unidos al interpretar la cláusula federal de doble exposición igualmente aplicable a Puerto Rico:

> That " '[a] verdict of acquittal. . .[may] not be reviewed. . . without putting [the defendant] twice in jeopardy, and thereby violating the Constitution,' " has recently been described as "the most fundamental rule in the history of double jeopardy jurisprudence." *United States* v. *Martin Linen Supply*

_____

(¹) Al someter el caso a base de las declaraciones juradas escritas de los testigos de cargo, el acusado tan solo renunció al derecho de confrontación y a cualquier objeción procedente al amparo de las Reglas de Evidencia. No renunció a ningún derecho bajo la cláusula de doble exposición. La estipulación de testimonio y aun de prueba documental para sustituir la oral es práctica común en nuestros tribunales. *Vda. de Rivera* v. *Pueblo Supermarkets*, 102 D.P.R. 134, 137 (1974), y *Ayala* v. *San Juan Racing Corp.*, 112 D.P.R. 804 (1982).

(²) Hemos resuelto que ni siquiera el fallo condenatorio puede ser cambiado a instancia del propio acusado por un fallo absolutorio. *Pueblo* v. *Tribunal Superior*, 94 D.P.R. 220 (1967).

*Co.*, 430 U.S. 564, 571 (1977), quoting *United States* v. *Ball*, 163 U.S. 662, 671 (1896). The fundamental nature of this rule is manifested by its explicit extension to situations where an acquittal is "based upon an egregiously erroneous foundation." *Fong Foo* v. *United States*, 369 U.S. 141, 143 (1962); see *Green* v. *United States*, 355 U.S. 184, 188 (1957). In *Fong Foo* the Court of Appeals held that the District Court had erred in various rulings and lacked power to direct a verdict of acquittal before the Government rested its case. [Escolio omitido.] We accepted the Court of Appeals holding that the District Court had erred, but nevertheless found that the Double Jeopardy Clause was "violated when the Court of Appeals set aside the judgment of acquittal and directed that petitioners be tried again for the same offense." 369 U.S., at 143. Thus when a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous. *Sanabria* v. *United States*, 437 U.S. 54, 64 (1978).

Tomamos de la opinión disidente del Juez Presidente en el caso de *Pueblo* v. *Tribunal Superior*, supra, que hoy se invoca como precedente, la siguiente interpretación de otro caso normativo federal, el de *United States* v. *Jenkins*, 420 U.S. 358 (1975):

*Jenkins* es de especial interés por su similaridad al caso de autos. En *Jenkins* se le envió al querellado una notificación de reclutamiento. El querellado obtuvo el modelo necesario para que se le clasificase como objetor por razones de conciencia, pero no se pospuso su reclutamiento para fines de radicar el modelo. El querellado no se presentó entonces al centro de reclutamiento y se procedió entonces a radicar la acusación correspondiente. El caso se vio por tribunal de derecho y al terminar el desfile de la prueba el tribunal decretó la desestimación de la acusación y ordenó la libertad del acusado. El tribunal de instancia señaló que, bajo *Ehlert* v. *United States*, 402 U.S. 99 (1971), la Junta de Servicio Selectivo tenía razón en rehusar posponer el reclutamiento en tales circunstancias, pero que *Ehlert* se había decidido después de los hechos del caso. El Ministerio Público apeló en base a que el tribunal había cometido error de derecho al no aplicar a *Ehlert* retroactivamente. El Tribunal Supremo de los Estados Unidos,

por voz del Juez Rehnquist, rechazó la apelación por estimar que se estaba colocando al querellado en riesgo de ser castigado dos veces por el mismo delito. El Tribunal rehusó expresamente aceptar la teoría del gobierno de que, en casos vistos por tribunal de derecho, el gobierno debe poder apelar si al desfilar la prueba del Estado el juez decide el caso sobre una base errónea de derecho. Págs. 636–637.

La decisión de hoy trata de abrirse paso por un camino vedado por nuestras propias decisiones y por las de los tribunales federales que interpretan las respectivas cláusulas constitucionales.

Por las razones que anteceden confirmaría el fallo recurrido.