CC-97-694                                                    1

En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>    Recurrente<br><br>              V.<br><br>Nelson Bonilla Vázquez<br>    Recurrido | Certiorari<br><br>99 TSPR 86 |

Número del Caso: CC-1997-0694

Abogados de la Parte Recurrente:     Hon. Carlos Lugo Fiol,
                                     Procurador General
                                     Hon. Edda Serrano Blasini
                                     Subprocuradora General
                                     Lcdo. Angel M. Rivera Rivera

Abogados de la Parte Recurrida:     Lcdo. Luis E. Rodríguez Santiago

Tribunal de Instancia, Sala Superior de Ponce

Juez del Tribunal de Primera Instancia: Hon. Miguel A. Santiago

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente: Hon. Negrón Soto

Fecha: 6/3/1999

Materia: Homicidio Involuntario

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

   Demandante y Recurrente

   v.
                                    CC-97-694          Certiorari

Nelson Bonilla Vázquez

   Demandado y Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico a 3 de junio de 1999.

A tenor con nuestro ordenamiento jurídico vigente, ¿se le puede conceder al convicto por infracción al Artículo 87 del Código Penal (causar la muerte a un ser humano al conducir un vehículo de motor mediando imprudencia crasa o temeraria) el beneficio de la sentencia suspendida? Por entender que la respuesta a dicha interrogante es en la afirmativa ya que nuestro ordenamiento no dispone que dicho delito sea uno de los exceptuados en la Ley de Sentencias Suspendidas, confirmamos la sentencia dictada por el Tribunal de Circuito de Apelaciones.

I.

El 29 de junio de 1996, en horas de la noche, el Sr. Carlos Rodríguez Colón se detuvo en la carretera 149, Sector Corillo de Villalba y se bajó de su auto. En ese momento pasó en su vehículo, a exceso de velocidad, Nelson Bonilla Vázquez e impactó fuertemente al vehículo detenido y al Sr. Rodríguez Colón, quien falleció a los pocos minutos como consecuencia del impacto. A Bonilla Vázquez se le hizo la prueba de embriaguez arrojando un 0.24 % de alcohol en la sangre, es decir, en exceso del máximo permitido por ley para conducir un vehículo de motor.

Como consecuencia de estos hechos, el Sr. Bonilla Vázquez fue arrestado y se le sometieron cargos por violación al Artículo 87 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4006 (imprudencia crasa o temeraria al conducir un vehículo de motor). Bonilla Vázquez se declaró culpable. Con la objeción del Ministerio Público, el Tribunal de Primera Instancia, luego de analizar el correspondiente Informe Pre-Sentencia, le suspendió al acusado los efectos de una sentencia de seis (6) años de prisión.

Inconforme, el Pueblo de Puerto Rico, por conducto del Procurador General, recurrió al Tribunal de Circuito de Apelaciones para que revisara la resolución emitida por el Tribunal de Instancia en la que le impuso una probatoria de seis (6) años a Bonilla Vázquez. Alegó, en síntesis, que como el delito tipificado en el Artículo 87 del Código Penal es un tipo de homicidio involuntario y en el presente caso se ocasionó la muerte mientras se conducía un vehículo de motor en estado de embriaguez, dicho delito estaba excluido de los beneficios de la sentencia suspendida. Esto a tenor con la disposición de Ley de Sentencias Suspendidas, 34 L.P.R.A. sec. 1027, que establece que "el tribunal sentenciador podrá también suspender los efectos de la sentencia de cárcel que se hubiere dictado en todo caso de **homicidio involuntario que no hubiere sido ocasionado mientras se conducía un vehículo en estado de embriaguez**".

El Tribunal de Circuito de Apelaciones, Circuito Regional V, determinó que a tenor con nuestros pronunciamientos en Pueblo v. Nazario Hernández, res. el 29 de junio de 1995, 138 D.P.R. ___ (1995), al convicto por el delito de imprudencia crasa o temeraria al conducir un vehículo de motor puede suspendérsele los efectos de la sentencia aunque al momento de la comisión del delito estuviese en estado de embriaguez. Determinó, además, que el tribunal a quo no abusó de su discreción al concederle a Bonilla Velázquez el beneficio de la sentencia suspendida. Inconforme, el Procurador General recurre ante nos.

Para atender adecuadamente la controversia medular que presenta el caso de marras resulta pertinente, en primer lugar, analizar las definiciones de los delitos de homicidio involuntario e imprudencia crasa o temeraria al conducir un vehículo de motor. En segundo lugar, ha de examinarse el desarrollo y el historial legislativo de la Ley de Sentencias Suspendidas de 1946, 34 L.P.R.A. sec. 1027.

## II.

El Artículo 86 del Código Penal, 33 L.P.R.A. sec. 4005, define el delito de homicidio involuntario de la siguiente forma:

*Toda persona que obrando con negligencia o que al realizar un acto ilegal que no constituyere delito grave, ocasione la muerte a otra, será sancionada con pena de reclusión...*

*...Cuando el homicidio involuntario se cometa por una persona al conducir un vehículo de motor, se le impondrá pena de reclusión...*

Por otro, lado el Artículo 87 establece:

*Cuando en la muerte ocasionada por una persona al conducir un vehículo de motor mediare imprudencia crasa o temeraria se le impondrá pena de reclusión...*

*La imprudencia crasa o temeraria es aquella de tal naturaleza que demuestre un absoluto menosprecio de la seguridad de los demás bajo circunstancias que probablemente produzcan daños a terceros y no significa una mera falta de cuidado.* 33 L.P.R.A sec.4006.

De la lectura de los precitados artículos del Código Penal se desprende que ambos delitos configuran la muerte de una persona causada por otra que conduce un vehículo de motor y que comparten un elemento

esencial de negligencia, Pueblo v. Vélez Pumarejo, 113 D.P.R. 349 (1982). En Pueblo v. Hernández Olmo, 105 D.P.R. 237, 243 (1976), expresamos que:

> *Los delitos declarados por los Arts. 86 y 87 del Código Penal comparten un elemento común de negligencia criminal y los diferencia el grado o intensidad que es cuestión a estimar exclusivamente por el jurado juzgador de los hechos.*

Un examen del Artículo 88 del Código Penal refleja que el legislador equiparó los Artículos 86 y 87 para el propósito de establecer una penalidad adicional en común: la revocación de la licencia de conducir. Aun más, de su lectura se desprende que para propósitos de dicha penalidad tanto el Artículo 86 como el Artículo 87 constituyen modalidades de homicidio involuntario cometidos al conducir un vehículo de motor:

> *Cuando el homicidio involuntario se cometa por una persona al conducir un vehículo de motor, según dispuesto el Artículo 86, y en caso del Artículo 87, el tribunal sentenciador, además de la imposición de la pena correspondiente, revocará al convicto su licencia para conducir vehículos de motor por un término no menor de un año.* 33 L.P.R.A. sec. 4007.

Sin embargo hay que señalar que a pesar de que ambos artículos comparten los elementos comunes de dar muerte a un ser humano mientras se conduce un vehículo de motor y de negligencia, y la sanción de revocación de la licencia de conducir, existen diferencias sustanciales entre ambos delitos. Para el homicidio involuntario configurado en el Artículo 86 basta la mera negligencia criminal, mientras que el Artículo 87 requiere que medie "imprudencia crasa o temeraria".[1] Además el homicidio involuntario es un delito menos grave y el tipificado en el Art.87 es uno grave.

III.

---

[1] No es un elemento indispensable del delito tipificado en el Art. 87 del Código Penal el conducir un vehículo de motor en estado de embriaguez. Pueblo v. Vélez Pumarejo, 113 D.P.R. 349 (1982).

La Ley Núm. 259 de 3 de abril de 1946, conocida como la Ley de Sentencias Suspendidas, 34 L.P.R.A. sec. 1027, provee una medida alterna a la pena de cárcel.  Mediante la concesión del beneficio de la sentencia suspendida el tribunal suspende la ejecución de una sentencia y permite al convicto del delito quedar en libertad durante todo o parte del término de la pena, sujeto a que éste observe buena conducta y cumpla con todas aquellas restricciones que el tribunal le imponga. Pueblo v. Molina Virola, res. el 22 de octubre de 1996, 141 D.P.R. ___ (1996).

El propósito del mecanismo de la sentencia suspendida es lograr que un convicto de delito viva una vida productiva, bajo un sistema de supervisión.    Este  mecanismo,  además,  representa  una  economía sustancial para el Estado y contribuye a resolver el serio problema carcelario que padecemos.  La Ley de Sentencias Suspendidas es una ley de carácter remedial con un propósito rehabilitador.  Pueblo v. Vega Pérez, 125 D.P.R. 188 (1990).

En  reiteradas  ocasiones  hemos  señalado  que  el  disfrute  de  una sentencia suspendida es un privilegio, no un derecho.  Pueblo v. Molina Virola, supra; Pueblo v. Torres Rivera, res. el 2 de diciembre de 1994, 137 D.P.R. ___ (1994); Pueblo v. Álvarez Mauras, 100 D.P.R. 620 (1972); Pueblo v. Martínez Rivera, 99 D.P.R. 568 (1971), Pueblo v. Rivera, 79 D.P.R. 880 (1957).  También hemos expresado que la concesión de este privilegio cae dentro de la discreción del juez sentenciador.  Pueblo v. Torres Rivera, supra; Pueblo v. Acosta Torres, 92 D.P.R. 887 (1965), y casos allí citados.  Esta discreción está limitada a que el delito no sea uno de los expresamente excluidos y que concurran una serie de requisitos.  Pueblo v. Texidor Seda, 128 D.P.R. 578 (1991).  Los beneficios  de  una  sentencia  suspendida  han  de  concederse  sólo  en aquellos casos en los que el legislador ha expresado que existe una justificación para evitar la encarcelación.  Pueblo v. Rivera, supra; Pueblo v. Álvarez Maura, supra.

La Ley de Sentencias Suspendidas de 1946 fue enmendada por la Ley Núm. 61 de 19 de junio de 1965. Esta enmienda, vigente al día de hoy, tuvo el propósito, entre otros, de incorporar el siguiente párrafo a la Ley:

> *El tribunal sentenciador podrá también suspender los efectos de la sentencia de cárcel que se hubiere dictado en todo caso de* **homicidio involuntario que no hubiere sido ocasionado mientras se conducía un vehículo en estado de embriaguez**. 33 L.P.R.A. sec. 1027. (Énfasis suplido).

En 1989 se aprobó la Ley Núm. 50 de 9 de agosto de 1989 con el propósito, entre otros, de enmendar la Ley de Sentencias Suspendidas para **añadir** a las exclusiones del beneficio de la sentencia suspendida el delito de imprudencia crasa o temeraria al conducir un vehículo de motor cuando el acusado de cometer el mismo estuviese en estado de embriaguez al momento de la comisión de dicho delito[2]. A raíz de esta enmienda la Ley de Sentencias Suspendidas, en lo aquí pertinente, leía:

> *El Tribunal Superior podrá suspender los efectos de la sentencia que se hubiere dictado en todo caso de delito grave que no fuera...* **imprudencia crasa o temeraria al conducir un vehículo de motor en estado de embriaguez...**
>
> *...El tribunal sentenciador podrá también suspender los efectos de la sentencia de cárcel que se hubiere dictado en todo caso de homicidio involuntario que no hubiere sido ocasionado mientras se conducía un vehículo en estado de embriaguez.* 34 L.P.R.A. sec. 1027.

De esta acción legislativa se desprende que en el lenguaje de la disposición de la Ley de Sentencias Suspendidas que establece que no podrá disfrutar del beneficio de la sentencia suspendida el que cometa **"homicidio involuntario mientras se conduce un vehículo de motor en estado de embriaguez"** no se entendía que estaba incluido el delito tipificado en el Art. 87 del Código Penal (causar la muerte a un ser humano mientras se conduce un vehículo de motor mediando imprudencia crasa o temeraria). El historial legislativo de la Ley Núm. 50

---

[2] Cabe señalarse que el Código Penal de 1937 contenía una disposición parecida al vigente Artículo 87. El Artículo 328 del Código Penal de 1937 establecía como delito grave el causar la muerte de una persona al conducir un automóvil mediando imprudencia temeraria o descuido.

reafirma dicha conclusión pues reconoce que el estado de derecho vigente anterior a la enmienda era que la precitada disposición de la Ley de Sentencias Suspendidas sólo era aplicable a los convictos por **homicidio involuntario** (Art.86) cuando el mismo se producía al conducir un vehículo de motor en estado de embriaguez.  En ese sentido se señaló al explicar el propósito de la enmienda a la Ley de Sentencias Suspendidas lo siguiente:

> *El Artículo 2 de la Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. 1027, faculta, como regla general, a los tribunales a suspender los efectos de una sentencia dictada tanto en delitos graves como menos graves... En el segundo lugar, se podrá suspender la sentencia en casos de delitos menos graves, que aparejen pena de cárcel, excepto homicidio involuntario mientras se conduce un vehículo de motor en estado de embriaguez.*

> *...Es contradictorio que se excluya del beneficio de la sentencia suspendida el delito de homicidio involuntario cuando se conduce un vehículo de motor en estado de embriaguez- siendo uno menos grave y que requiere un grado menor de negligencia- y que, por otro lado, **dicho beneficio esté disponible para casos de delito grave de imprudencia crasa o temeraria al conducir un vehículo de motor. Las Comisiones recomiendan que ambos delitos estén excluidos de la sentencia suspendida, especificándose que esto aplicará a la imprudencia crasa o temeraria cuando se conduce en estado de embriaguez.*** (Énfasis nuestro).[3]

Así pues, a partir de la vigencia de la Ley Núm. 50 de 9 de agosto de 1989, no podrían gozar del privilegio de la sentencia suspendida ni los convictos por homicidio involuntario (Art. 86) cometido mientras se conducía un vehículo de motor en estado de embriaguez ni los convictos por el delito grave de imprudencia crasa o temeraria al conducir un vehículo de motor si al momento de la comisión del delito estaba el acusado en estado de embriaguez.

Sin embargo, transcurridos tres (3) meses de la aprobación de la Ley Núm. 50 de 9 de agosto de 1989, la Asamblea Legislativa aprobó la Ley Núm. 8 de 30 de noviembre de 1989.  Dicha ley fue aprobada con el propósito de enmendar nuevamente la Ley de Sentencias Suspendidas pero esta vez para excluir de sus alcances a las personas convictas por ciertas infracciones a la Ley Núm. 17 de 19 de enero de 1951, conocida

como "Ley de Armas de Puerto Rico". Inadvertidamente el proceso legislativo se realizó a base del texto de la Ley de Sentencias Suspendidas anterior a la enmienda que sufrió dicha Ley en virtud de la Ley Núm. 50 de 9 de agosto de 1989. De manera que, quedó eliminada de la Ley de Sentencias Suspendidas la frase "imprudencia crasa o temeraria al conducir un vehículo de motor en estado de embriaguez", en virtud de la cual los convictos por dicho delito(que al momento de la comisión del mismo estuviesen en estado de embriaguez) no podían gozar del beneficio de la sentencia suspendida. Quedó inalterada la disposición de la Ley que establece que "el tribunal sentenciador podrá también suspender los efectos de la sentencia de cárcel que se hubiere dictado en todo caso de homicidio involuntario que no hubiere sido ocasionado mientras se conducía un vehículo en estado de embriaguez".

Estamos ante un error o una inadvertencia legislativa porque sería absurdo interpretar que el propósito de la Asamblea Legislativa fue eliminar(escasamente tres (3) meses después de aprobada) la enmienda introducida por la Ley Núm. 50 de 9 de agosto de 1989 a la Ley de Sentencias Suspendidas que añadió a la misma la frase "imprudencia crasa o temeraria al conducir un vehículo de motor en estado de embriaguez". Máxime cuando el propósito de la Ley Núm. 8 de 30 de noviembre de 1989 era excluir del beneficio de la sentencia suspendida algunas infracciones a la Ley de Armas, delitos que en nada tenían que ver con el delito en controversia en el caso de marras.

Así pues, a pesar de reconocer que se trató de un error o inadvertencia legislativa, tenemos que concluir que partir de la vigencia de la Ley Núm. 8 de 30 de noviembre de 1989, el estado de derecho vigente es el que existía antes de la aprobación de la Ley Núm. 50 de 9 de agosto de 1989, es decir, que los convictos por el delito de causar la muerte a un ser humano mientras se conduce un vehículo de motor mediando imprudencia crasa o temeraria(Art.87) podrán gozar del

---

[3] Informe Conjunto de las Comisiones de Asuntos Urbanos y Protección Civil y de lo Jurídico, 14 de junio de 1989.

privilegio de la sentencia suspendida aunque al momento de la comisión del delito estuviesen en estado de embriaguez.

A idéntica conclusión este Tribunal llegó en el año 1995 en Pueblo v. Nazario Hernández, supra. En dicho caso un jurado halló al peticionario culpable por homicidio involuntario y por conducir un vehículo en estado de embriaguez. El acusado impugnó la pena de cárcel que le fue impuesta ya que argumentó que podía recibir el beneficio de una sentencia suspendida y no le fue concedido. Allí sostuvimos que al acusado no le asistía el privilegio que reclamaba porque de la precitada disposición de la Ley de Sentencias Suspendidas se desprende que no gozará del beneficio de sentencia suspendida el convicto de homicidio involuntario si éste se comete mientras se conduce un vehículo de motor en estado de embriaguez. No obstante, señalamos en *dictum* que por error o inadvertencia legislativa al convicto del delito grave tipificado en el Artículo 87 si se le podía conceder el beneficio de la suspensión de la sentencia.[4]

---

[4] A estos efectos allí señalamos: "Respecto al Art. 87 del Código Penal, la Ley Núm. 50 de 9 de agosto de 1989, enmendó la Ley Núm. 259 de Sentencias Suspendidas del 3 de abril de 1946, según enmendada, para excluir las personas convictas de imprudencia crasa o temeraria al conducir un vehículo de motor en estado de embriaguez.

De la **Exposición de Motivos** de esa Ley Núm. 50 aflora que es una medida para combatir el grave problema de embriaguez en las carreteras. Incluso esa ley redujo el porcentaje de alcohol para activar la presunción de embriaguez, aumentó la penalidad por conducir en estado de embriaguez (Ley de Vehículos y Tránsito); y en su Art. 4 enmendó el Artículo 2 de la Ley Núm. 259 de 3 de abril de 1946, para **añadir** a las exclusiones del beneficio de sentencia suspendida la sentencia crasa o temeraria al conducir un vehículo de motor en estado de embriaguez.

Inadvertidamente el proceso legislativo se realizó con vista al texto de la ley anterior a la enmienda que introdujo la Ley Núm. 50 de 9 de agosto de 1989, y ello tuvo el efecto involuntario de suprimir el texto aprobado con la Ley Núm. 50 sobre la exclusión de probatoria al convicto por imprudencia crasa o temeraria al conducir un vehículo de motor en estado de embriaguez.

Estamos ante un error legislativo, tal como se desprende de la Ley Núm. 8 de 30 de noviembre de 1989: "*para enmendar el Artículo 2 de la Ley 259 de 3 de abril de 1946, según enmendada a fin de excluir de sus alcances a las personas convictas por ciertas infracciones a la Ley 17 de 19 de enero de 1951*". **Sería absurdo interpretar que el propósito fue eliminar** escasamente tres (3) meses de aprobada, la enmienda introducida por la Ley Núm. 50 de 9 de agosto de 1989.

Enfatizamos que ese trámite e inadvertencia sólo podría beneficiar a un convicto por infracción al Art. 87 del Código Penal; no al apelante (...), convicto y sentenciado bajo el Artículo 86 del Código Penal. A él le aplica la Ley Núm. 61 de 19 de junio de 1965 (34

Transcurridos dos (2) años de nuestra Opinión en <u>Pueblo</u> v. <u>Nazario Hernández</u>, <u>supra</u>, la Asamblea Legislativa de Puerto Rico aprobó el Proyecto del Senado 371 con el fin de subsanar el error legislativo al que hemos hecho referencia. En la Exposición de Motivos de dicho proyecto se dejó claramente establecido el estado de derecho vigente en Puerto Rico. Se citó con aprobación lo resuelto por este Tribunal en <u>Pueblo</u> v. <u>Nazario Hernández</u>, <u>supra</u>, y se reconoció que al aprobarse la Ley Núm. 8 de 30 de noviembre de 1989, ocurrió una omisión en lenguaje del texto de la medida, para luego exponer que "...es la intención de la Asamblea Legislativa corregir la omisión que por inadvertencia provocó el estado de derecho vigente **no contemple la exclusión del beneficio de la sentencia suspendida en situaciones donde la persona es convicta por violar el Artículo 87 del Código Penal de Puerto Rico y conduce un vehículo de motor en estado de embriaguez**". (Énfasis nuestro).

Dicho proyecto fue aprobado por el Senado de Puerto Rico el 20 de junio de 1997 y por la Cámara de Representantes el 13 de noviembre de 1997. Aun cuando dicho proyecto no se convirtió en ley[5], éste constituye un reconocimiento de la Asamblea Legislativa de que el Artículo 87 está excluido de las excepciones a la Ley de Sentencias Suspendidas.

IV.

---

L.P.R.A. sec. 1027) cuyo texto ha permanecido inalterado por tres décadas:

*"Con arreglo a lo anteriormente dispuesto, el tribunal sentenciador podrá también suspender los efectos de la sentencia de cárcel que se hubiera dictado en todo caso de homicidio involuntario que **no hubiera sido ocasionado mientras se conducía un vehículo en estado de embriaguez.**"*

[5] Debe señalarse que el Art. III sec. 19 de nuestra Constitución faculta a la Asamblea Legislativa a convertir en ley uno de sus proyectos, aun sin la aprobación del Gobernador. La Asamblea Legislativa tenía la opción de convertir el proyecto en ley , luego de vetado por el Gobernador, con la aprobación de dos terceras partes del número total de sus miembros.

Ante el hecho innegable de que la Asamblea Legislativa, consciente del error o inadvertencia ocasionado por la Ley Núm. 8 de 30 de noviembre de 1989 al enmendar la Ley de Sentencias Suspendidas, según señalado en Pueblo v. Nazario Hernández, *supra,* intentó, pero no corrigió dicho error o inadvertencia, no podemos, como pretende el Procurador General, equiparar los Artículos 86 y 87 del Código Penal y hacer extensiva la disposición de la Ley de Sentencias Suspendidas que establece que no podrán gozar del beneficio de la sentencia suspendida los convictos por el delito de **homicidio involuntario** (causado al conducir un vehículo de motor en estado de embriaguez) al delito tipificado en el Artículo 87 del Código Penal. Esto en vista de que tratándose de un caso criminal debemos tener presente el principio de legalidad.

Reconocemos que la conclusión a que llegamos produce un resultado anómalo. Por un lado excluye del beneficio de una sentencia suspendida a una persona que incurre en mera negligencia, pero que conducía en estado de embriaguez, mientras que permite que otra que incurre en imprudencia crasa o temeraria al conducir, tenga los beneficios de una sentencia suspendida, aun cuando esté en estado de embriaguez. Nos preocupa, además, que tal conclusión permita que se impongan penas radicalmente distintas en casos esencialmente idénticos y que pueda conducir a un procesamiento de casos arbitrario, dependiendo de la modalidad por la cual el ministerio fiscal decida acusar, o se preste para la manipulación de alegaciones de culpabilidad al amparo del Artículo 87, para obtener los beneficios de una probatoria.

Sin embargo, en casos de naturaleza criminal el principio de legalidad ordena que no se impongan "... *penas ni medidas de seguridad que la ley no hubiere previamente establecido. No se podrán crear por analogía delitos, penas, ni medidas de seguridad".* Artículo 8 del Código Penal, 33 L.P.R.A. sec. ___; Pueblo v. Pizarro Solís, 129 D.P.R. 911 (1992); Pacheco v. Vargas, Alcaide, 120 D.P.R. 404, Pueblo v.

Martínez Torres, 116 D.P.R. 793 (1980); Pueblo v Ríos Nogueras, 114 D.P.R. 256 (1983).

En este contexto se ha señalado que la garantía que establece el principio de legalidad se extiende a la **ejecución** de las penas y medidas de seguridad. Éstas deben ejecutarse de la forma y circunstancias previstas por la ley. Dora Nevares-Muñiz, Derecho Penal Puertorriqueño, 1995, pág. 69.

También hemos de tomar en cuenta el principio de hermenéutica de estatutos penales que postula la interpretación restrictiva en cuanto a lo que desfavorezca al acusado y liberalmente en cuanto lo que le favorezca. Pueblo v. Sierra Rodríguez, res. el 8 de febrero de 1995, 137 D.P.R. ___ (1995); Pueblo v. Arandes, 120 D.P.R. 530 (1988); Pueblo v. Hernández Colón, 118 D.P.R. 891 (1987); Mari Bras v. Alcaide, 100 D.P.R. 506 (1972); Pueblo v. Mantilla, 71 D.P.R. 36 (1950).

Anteriormente hemos reconocido que una ley penal debe de ser interpretada de una manera razonable y evitarse una interpretación literal que resulte absurda a la intención del legislador. De igual modo hemos resuelto que aunque existe la regla de que los estatutos penales deben de interpretarse restrictivamente, ésta no exige que a las palabras del legislador deba de dársele su significado más limitado o que debe hacerse caso omiso de su evidente intención. Pueblo v. Mantilla, supra.

El propósito de la interpretación es, en primer lugar, tratar de entender el sentido de los textos, cuando estos no son claros, y en segundo lugar, tratar de suplir dentro del marco de lo permitido, las deficiencias del legislador cuando su texto es insuficiente. Sin embargo no se trata en el caso de autos, de optar por una interpretación más amplia que nos permita incluir el delito tipificado por el Artículo 87 entre aquellos excluidos del beneficio de sentencias suspendidas. Ante el claro reconocimiento de la Asamblea Legislativa del estado de derecho vigente a partir de la enmienda a la Ley de Sentencias Suspendidas de noviembre de 1989, y el hecho de que la

Asamblea Legislativa y la Rama Ejecutiva no han logrado llegar a un consenso para resolver la discrepancia señalada, no podemos por vía de interpretación subsanar dicha deficiencia. De hacerlo estaríamos a todas luces creando la ejecución de una pena por analogía, lo cual nos está claramente vedado.

El Artículo 8 del Código Penal prohíbe expresamente el uso de la analogía tanto para crear delitos como para crear sanciones. La analogía conlleva el aplicar la ley a unos hechos o situaciones no contemplados en determinada ley, porque son semejantes o parecidos a los allí contemplados. Al aplicar la analogía, el juez suple la voluntad del legislador, la cual no existe para los hechos que tiene ante sí, basado en su semejanza a los hechos sí tipificados. Por razón del principio de legalidad y mandato expreso del Artículo 8 del Código Penal, no se permite la interpretación analógica de estatutos penales. <u>Pueblo</u> v. <u>Sierra Rodríguez</u>, <u>supra</u>[6]

En materia de interpretación de estatutos penales hemos resuelto que aun en aquellos casos en que existe incongruencia entre el texto de la ley y la intención legislativa, es a la Asamblea Legislativa a quien compete corregir dicha situación. <u>Pueblo</u> v. <u>Martínez Yanzanis</u>, res. el 8 de abril de 1997, 142 D.P.R. ___(1997). El principio de legalidad impide que en ausencia de ley que así lo determine, los tribunales nos embarquemos en la tarea creadora de condenar cierta conducta socialmente censurable, o por analogía, determinar su ilegalidad. <u>Pueblo</u> v. <u>Ríos Dávila</u>, res. el 30 de junio de 1997, 143 D.P.R. ___(1997).

---

[6] En ocasiones anteriores hemos utilizado la técnica de integración analógica en la interpretación de normas de derecho procesal penal. *Véase* <u>Alvarez</u> v. <u>Tribunal Superior</u>, 102 D.P.R. 236 (1974); <u>Pueblo</u> v. <u>Pérez Suárez</u>, 116 D.P.R. 807 (1986). La razón para este tipo de interpretación en el campo procesal penal es que la finalidad de lograr una rápida y justa administración de la justicia permite una interpretación amplia, aun descansando en argumentos por analogía, siempre y cuando no se perjudiquen los derechos del acusado y no sea contraria al orden público. Olga Elena Resumil, <u>I- Derecho Procesal Penal</u>, sec. 3. 22 (1990). El principio de legalidad que rige las normas penales sustantivas impide este tipo de interpretación en el campo penal.

Así pues, a tenor con el principio de legalidad, es forzoso concluir que el delito de imprudencia crasa o temeraria al conducir un vehículo de motor, no constituye uno de los delitos exceptuados en la Ley de Sentencias Suspendidas de 1946.

V

En el presente caso Bonilla Vázquez hizo alegación de culpabilidad por el delito de imprudencia crasa o temeraria al conducir un vehículo de motor (Art.87), el cual fue cometido por el acusado mientras éste se encontraba en estado de embriaguez.  Conforme al ordenamiento jurídico vigente este delito no es uno de los excluidos en la Ley de Sentencias Suspendidas.  Por tanto, no erró el Tribunal de Circuito de Apelaciones al confirmar la sentencia dictada por el Tribunal de Instancia en virtud de la cual, luego de analizar el correspondiente Informe Pre-Sentencia, el juez le concedió el beneficio de la sentencia suspendida por un periodo de seis (6) años.  No encontramos razones para concluir que el foro de instancia abusó de su discreción.

La conclusión a la que llegamos es la que se impone a la luz de nuestro ordenamiento vigente y como imperativo del principio de legalidad.  No nos encontramos ante una disposición que requiera interpretación, pues la disposición en cuestión es palmaria en su redacción. No nos permite interpretación alguna que no sea la de su sentido literal.  <u>Pueblo</u> v <u>Martínez Yanzanis</u>, <u>supra</u>.

Resulta forzoso concluir, que en ausencia de pronunciamiento en contrario de la Asamblea Legislativa, el convicto por el Art. 87 del Código Penal que al momento de los hechos estuviera en estado de embriaguez se le puede conceder el beneficio de la sentencia suspendida por no ser aquel uno de los delitos expresamente excluidos en la Ley de Sentencias Suspendidas.  Por las razones esbozadas anteriormente, confirmamos la sentencia dictada por el Tribunal de Circuito de Apelaciones.

Federico Hernández Denton
                          Juez Asociado

Federico Hernández Denton
                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

   Demandante y Recurrente

                               CC-97-694         Certiorari

   v.

Nelson Bonilla Vázquez

   Demandado y Recurrido

SENTENCIA

San Juan, Puerto Rico, a 3 de junio de 1999.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se confirma la sentencia dictada por el Tribunal de Circuito de Apelaciones que determinó que a un convicto del Art. 87 del Código Penal puede ofrecérsele el beneficio de una sentencia suspendida.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García no interviene. Los Jueces Asociados señor Rebollo López y señor Fuster Berlingeri no intervinieron.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo